UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andrew Free,

       Plaintiff,

  v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

       Defendant.

Case No. 26-cv-01784-JMC

**ANSWER**

U.S. Immigration and Customs Enforcement ("Defendant" or "ICE"), by and through undersigned counsel, hereby answers the Complaint, ECF No. 1, filed by Andrew Free ("Plaintiff") in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. In answer to the Complaint, Defendant admits, denies, or otherwise avers as follows:

**<u>Introduction and Background</u>**[1]

1.      The first sentence of this paragraph consists of Plaintiff's characterization of this action and the relief sought, to which no response is required.  With respect to the allegations in the second sentence of this paragraph, Defendant respectfully refers this Court to the two FOIA requests subject to this litigation for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

2.      This paragraph consists of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

3.      This paragraph consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## JURISDICTION AND VENUE

4.      This paragraph consists of conclusions of law regarding subject-matter jurisdiction to which no response is required.  To the extent that a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

5.      This paragraph consists of a conclusion of law regarding venue to which no response is required.  To the extent that a response is required, Defendant admits only that venue lies in this District pursuant to the FOIA.

6.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff has exhausted administrative remedies as to the two FOIA requests subject to this litigation.

7.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that the Court has jurisdiction over

this action.

8.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the FOIA in its entirety for an accurate and complete reading of its contents and denies any allegation inconsistent therein.

9.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

10.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is required, Defendant avers that the Supreme Court case speaks for itself and denies any characterizations that are inconsistent therewith.

## PARTIES

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.      Defendant admits that it is a federal agency, within the meaning of that term in the FOIA, and is a component of the U.S. Department of Homeland Security.  Defendant denies the remaining allegations in this paragraph.

14.      This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that it is an agency within the meaning of 5 U.S.C. § 551(1).

15.      Defendant denies the allegations in this paragraph.

16.      Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

17.     This paragraph consists of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     This paragraph consists of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

## FACTS

### Mr. Ge's Alleged Suicide

20.     With respect to the allegations in this paragraph about the death of Chaofeng Ge, Defendant respectfully refers the court to the "U.S. Immigration and Customs Enforcement (ICE) Detainee Death Report:  Ge, Chaofeng" (available at: Detainee Death Report: GE, Chaofeng) for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21.     With respect to the allegations in this paragraph about an autopsy report concerning Chaofeng Ge'death, Defendant respectfully refers the Court to the referenced autopsy report for a complete and accurate reading of its contents and denies any allegations inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the

existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.    With respect to the allegations in this paragraph about a local coroner's declaration regarding Chaofeng Ge's death, Defendant respectfully refers the Court to the referenced local coroner's report for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.    With respect to the allegations in this paragraph about the ICE Detainee Death report, Defendant respectfully refers the court to the "U.S. Immigration and Customs Enforcement (ICE) Detainee Death Report:  Ge, Chaofeng" for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.    Defendant lacks knowledge or information sufficient to form a belief about the

allegations in this paragraph. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. This paragraph characterizes and otherwise contains a statement allegedly made in a third party's online article, referenced in footnote 14 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26. This paragraph summarizes, characterizes, and otherwise contains statements allegedly made and conclusions allegedly reached in Plaintiff's article, referenced in footnote 15 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.     Defendant respectfully refers the court to the "U.S. Immigration and Customs Enforcement (ICE) Detainee Death Report:    OKPU, Frankline" (available at: https://www.ice.gov/doclib/foia/reports/ddrFranklineOkpu.pdf) for complete and accurate statements of its public disclosures of the cause of Mr. Okpu's death and denies any allegations inconsistent therewith.  With respect to the other allegations in this paragraph, Defendant presently lacks knowledge or information sufficient to form a belief as to those other allegations.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to existence or extent of any public interest, including as compared to any countervailing interests, in the allegations set forth in this paragraph.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**ICE'S Death Policy**

28.     The allegations contained in this paragraph consist of Plaintiff's characterization of ICE Directive 11003.6 to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to ICE Directive 11003.6 titled "Notification, Review, and Reporting Requirements for Detainee Deaths", for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29.     The allegations contained in this paragraph consist of Plaintiff's characterization of ICE's release of a Detainee Death Report to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the "U.S. Immigration and Customs Enforcement (ICE) Detainee Death Report:  Ge, Chaofeng" for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30.     Defendant admits the allegation in this paragraph.

31.     This paragraph consists of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

32.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to existence or extent of any public interest, including as compared to any countervailing interests, in the allegations set forth in this paragraph.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**Plaintiff's Detention Records FOIA Request**

33.     Defendant admits that Plaintiff submitted FOIA request 2026-ICFO-08700 to Defendant on December 15, 2025, and respectfully refers the Court to the FOIA request, attached as Exhibit A to the Complaint (ECF No. 1-3), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34.     Defendant respectfully refers the Court to the FOIA request, attached as Exhibit A to the Complaint (ECF No. 1-3), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

35.     Defendant respectfully refers the Court to the ICE FOIA Office's Acknowledgement of FOIA Request 2026-ICFO-08700 dated January 7, 2026, attached as Exhibit A to the Complaint (ECF No. 1-3), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

36.     Defendant respectfully refers the Court to the ICE FOIA Office's final response to FOIA Request 2026-ICFO-08700 dated January 12, 2026, attached as Exhibit B to the Complaint

- 8 -

(ECF No. 1-4), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

37.    Defendant respectfully refers the Court to Plaintiff's appeal dated January 13, 2026, of the ICE FOIA Office's final response to FOIA Request 2026-ICFO-08700, attached as Exhibit A to the Complaint (ECF No. 1-3), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

38.    Defendant respectfully refers the Court to its acknowledgement of Plaintiff's FOIA appeal 2026-ICAP-00160 dated January 30, 2026, attached as Exhibit A to the Complaint (ECF No. 1-3), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

39.    Defendant respectfully refers the Court to its final response letter to his appeal 2026-ICAP-00160 dated February 27, 2026, attached as Exhibit C to the Complaint (ECF No. 1-5), for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

40.    Defendant admits that due to a lapse of federal funding it did not communicate with Plaintiff about his FOIA Request 2026-ICFO-08700between February 28, 2026 and the date of the filing of the Complaint.

41.    Defendant denies that, as of the filing of the Complaint, it had not completed its search of records responsive to Plaintiff's FOIA Request 2026-ICFO-08700 and admits that, as of the filing of the Complaint, it had not completed its review of records responsive to Plaintiff's FOIA Request 2026-ICFO-08700.

42.    The allegations in this paragraph consist of speculative, legal conclusions to which no response is required.

43.    The allegations contained in this paragraph consist of Plaintiff's characterization of ICE Directive 11003.6 to which no response is required. To the extent a response is deemed

required, Defendant respectfully refers the Court to ICE Directive 11003.6 titled "Notification, Review, and Reporting Requirements for Detainee Deaths" for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44.    The allegations contained in this paragraph consist of Plaintiff's characterization of ICE Directive 11003.6 to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to ICE Directive 11003.6 titled "Notification, Review, and Reporting Requirements for Detainee Deaths" for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

45.    The allegations contained in this paragraph consist of Plaintiff's characterization of ICE Directive 11003.6 to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to ICE Directive 11003.6 titled "Notification, Review, and Reporting Requirements for Detainee Deaths" for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

46.    The allegations in this paragraph consist of speculative, legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

### Plaintiff's Video Records FOIA Request

47.    Defendant respectfully refers the Court to Plaintiff's FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6), for a full and accurate statement of its contents and denies any allegations that are inconsistent therewith.

48.    Defendant respectfully refers the Court to Plaintiff's FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6), for a full and accurate statement of its contents, and denies any allegations that are inconsistent therewith.

49.    Defendant admits that due to a lapse of federal funding, it did not communicate with

Plaintiff between February 16, 2026, and the date of the filing of the Complaint about his FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6).

50.    Defendant admits the allegations in this paragraph with respect to Plaintiff's FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6).

51.    This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant admits that it has not taken an adverse determination on his FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6), that Plaintiff can appeal.

52.    Defendant admits the allegations in this paragraph with respect to Plaintiff's FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6).

53.    Defendant admits the allegations in this paragraph with respect to Plaintiff's FOIA request dated February 16, 2026, attached as Exhibit D to the Complaint (ECF No. 1-6).

**Urgent Public Interest in Timely Disclosure of ICE Death Records**

54.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

55.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

57.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

58.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

59.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

60.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

61.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

62.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

63.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

64.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

65.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

66.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

67.     To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

68.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

69.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

70.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

71.    To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## CLAIMS FOR RELIEF

### COUNT 1
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF 5 U.S.C. § 552 BY ICE

72.     Defendant incorporates by reference its responses to Paragraphs 1-71 above as if fully set forth herein.

73.     This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

74.     This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

75.     This paragraph consists of a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to identify the FOIA "request" to which Plaintiff is referring and denies the allegations in this paragraph.

### COUNT II
### FAILURE TO ESTIMATE A DATE OF PRODUCTION
### VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii) BY ICE

76.     Defendant incorporates by reference its responses to Paragraphs 1-75 above as if fully set forth herein.

77.     This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

78.     This paragraph consists of a conclusion of law to which no response is required.  To

the extent a response is deemed required, Defendant admits that it has not provided estimated dates of completion for responses to the Plaintiff's FOIA requests subject to this litigation.

## COUNT III
### FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS PROMPTLY AVAILABLE
### VIOLATION OF  5 U.S.C. § 552(a)(3) by ICE

79.   Defendant incorporates by reference its responses to Paragraphs 1-78 above as if fully set forth herein.

80.    This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

81.    This paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph with respect to the Plaintiff's FOIA requests subject to this litigation.

## COUNT IV
### VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
### UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY ICE

82.   Defendant incorporates by reference its responses to Paragraphs 1-81 above as if fully set forth herein.

83.    Defendant admits that it is a government agency subject to FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

84.    This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant avers that FOIA speaks for itself and denies any characterizations of the FOIA that are inconsistent with the statute.

- 17 -

85.    This paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph with respect to Plaintiff's FOIA requests subject to this litigation.

**COUNT V**
**PATTERN AND PRACTICE VIOLATION OF TIME LIMITS BY ICE**

86.    Defendant incorporates by reference its responses to Paragraphs 1-85 above as if fully set forth herein.

87.    This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to identify the "FOIA requests" to which Plaintiff is referring and denies the allegations in this paragraph.

88.    This paragraph consists of conclusions of law to which no response is required.

**<u>REQUEST FOR RELIEF</u>**

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**<u>DEFENSES</u>**

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions or exclusions to the FOIA or any other applicable law.

**SECOND DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**THIRD DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA because it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA, Plaintiff is not entitled to declaratory or injunctive relief.  5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**SIXTH DEFENSE**

At all times alleged in the Complaint and relevant to this matter, Defendant acted in good faith, with justification, and pursuant to authority.

*     *     *

Dated:  June 25, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ David S. Bettwy*

David S. Bettwy, D.C. Bar #
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2410

*Attorneys for the United States of America*

- 21