UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW FREE,<br><br>    *Plaintiff,*<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>    *Defendant.* | Civil Action No. 26-1784 (JMC) |

## JOINT STATUS REPORT

Plaintiff Andrew Free and Defendant U.S. Immigration and Customs Enforcement ("Defendant"), by and through counsel, respectfully submit this Joint Status Report pursuant to this Court's June 29, 2026 Minute Order.

1.      This is a Freedom of Information Act ("FOIA") case concerning FOIA requests seeking records related to an individual's death allegedly while in Defendant's custody and Defendant's alleged pattern-and-practice of hundreds of FOIA violations suffered by Plaintiff over a seven-year period relating to requests for records regarding in-custody deaths, detention oversight, and transparency practices within ICE's FOIA Office.

2.      Plaintiff filed a complaint on May 21, 2026, and Defendants answered on June 25, 2026.

3.      On June 29, 2026, the Court ordered the parties to confer and submit a joint proposed schedule for further proceedings.

**Defendant's Position**

4.      Defendant reports that its FOIA office is currently conducting searches for records responsive to Plaintiff's FOIA requests, including any potentially responsive videos.  Once results

are collected and de-duplicated, Defendant will assess the overall volume to determine appropriate processing steps and cadence.  Once de-duplication and scoping are complete, Defendant expects to be able to propose a feasible processing schedule based on available resources.

5.      Thus far, Defendant has identified over a thousand videos responsive to Plaintiff's request for video records.  The parties are conferring in good faith on possible ways to narrow the scope of the video request.

6.      Because searches and scoping are ongoing, Defendant submits that a briefing schedule is premature at this time. Defendant proposes filing another joint status report on or before August 20, 2026, to inform the Court about the status of the parties' discussions, a schedule for processing and release of responsive records, and any other issues of relevance that they believe should be brought to its attention.[1]

**Plaintiff's Position**

7.      **The Detention Records Request.** On June 30, Defendant informed Plaintiff that it had not yet received the full set of records responsive to Plaintiff's December 14, 2025, request for detention records pertaining to Mr. Ge (Compl. ¶¶ 33-46 & Ex. A). On July 17, in response to an inquiry by Plaintiff's counsel, Defendant informed Plaintiff that ICE is "completing additional searches/taskings for both requests, with results expected on Monday.  After deduplication, the agency can confirm the full volume and propose a processing schedule, including monthly video capacity." As of the time of this filing (Monday, July 20), ICE has not communicated to Plaintiff the results of its review.

---

[1] Defendant opposes Plaintiff's request for a production order, below, which Plaintiff first raised in a redline on the evening of the deadline for this Joint Status Report.  Defendant reserves the right to submit an opposition.  Plaintiff did not confer with Defendant regarding this request as required by Local Civil Rule 7(m).

8.      **The Video & Supplemental Records Request**. On June 24, Plaintiff requested Defendant confirm video responsive to his February 16, 2026, request still exists (Compl. ¶¶ 47-53 & Ex. D). On June 30, counsel for Defendant informed counsel for Plaintiff that it had "located over a thousand responsive videos" for this request. On July 1, counsel for Plaintiff informed Defendant's counsel:

> Thanks for the update. Regarding your inquiry about the video portion, after conferring with my client, at this time Plaintiff is willing to narrow the search to the cameras that faced the showers in Mr. Ge's unit and the bunk where he slept for the time period commencing when Ge went from this bed to the shower area sometime prior to 5:25am on August 5, 2025.  To help guide the agency's search, my client is looking for video of Mr. Ge going into the shower stall where he allegedly hogtied himself and ended his life. If the agency is unable to identify the exact time when Mr. Ge went into the shower area, Plaintiff is also willing to accept the video from midnight to 6:03am on August 5, 2025.
>
> I do want to emphasize that Plaintiff is not waiving his right to the rest of the video records he sought in his request, but will likely be able to narrow those further once we have the opportunity to review the production of the segments he identified above.

On July 17, Defendant informed Plaintiff the agency is still considering the proposal and has concerns about potential "duplicative workflows and increasing the agency's burden."

9.      To advance this litigation and assist the parties in narrowing the issues before the Court, Plaintiff seeks an Order requiring ICE to complete its review and production of its Detainee Death Review and Mortality Review, *see* Compl. ¶¶ 42-45, by no later than **August 20, 2026**. These critical, final records are maintained by ICE's Office of Professional Responsibility and Health Services Corps, respectively. Both of these critical documents together are less than 50 pages long, and thus, fall well under ICE's monthly review capacity. *See, e.g.*, Scheduling Order, *Al Otro Lado v. ICE*, No. 23-cv-1525-JMC, Dkt. No. 25 (D.D.C. Jan. 23, 2024) (noting ICE's affidavit attesting to a 500-page-per-month review policy).

10.     Promptly releasing these records will significantly advance this litigation by assisting the parties in identifying and prioritizing other records, and may, together with the requested portion of responsive video, help result in a timely settlement and conserve finite government and judicial resources. It will also acknowledge the oft-repeated tenet of FOIA cases in this Circuit that "stale information is of little value."

11.     Plaintiff proposes the parties submit a further Joint Status Report on **August 21, 2026**

Dated: July 20, 2026
          Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:           */s/ David S. Bettwy*
          DAVID S. BETTWY, D.C. Bar #155148
          Assistant United States Attorney
          601 D Street, NW
          Washington, DC 20530
          (202) 252-2410
          David.Bettwy@usdoj.gov

*Attorneys for the United States of America*

By: */s/ Daniel Melo*
          Daniel Melo

The Melo Law Firm
2920 Forestville Road
Ste 100, PMB 1192
Raleigh, NC 27616
(919) 348-9213
dan@themelolawfirm.com